UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**HARDY TAYLOR,**

    **Plaintiff,**

vs.

**WALKER'S CONSTRUCTION LLC, A GEORGIA LIMITED LIABILITY COMPANY, AND JASON WALKER, INDIVIDUALLY,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HARDY TAYLOR, by and through the undersigned attorney, sues the Defendants, WALKER'S CONSTRUCTION, LLC, a Georgia Limited Liability Company, and JASON WALKER, Individually, and alleges:

1. Plaintiff, HARDY TAYLOR was an employee of Defendants, and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was employed by Defendants from January 2013 into 2020.

3. While working for Defendants, Plaintiff was paid by the hour as an "independent contractor" builder/installer.

4. Defendant, WALKER'S CONSTRUCTION, LLC, is a Georgia Limited Liability Corporation that operates and conducts business in, among others, Cook County, Georgia and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, JASON WALKER was an individual resident of the State of Georgia, who owned and operated WALKER'S CONSTRUCTION, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of WALKER'S CONSTRUCTION, LLC.  By virtue of having regularly exercised that authority on behalf of WALKER'S CONSTRUCTION, LLC, JASON WALKER is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, WALKER'S CONSTRUCTION, LLC, earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, WALKER'S CONSTRUCTION, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were construction materials and supplies, ladders, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, WALKER'S CONSTRUCTION, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **FLSA VIOLATIONS**

12. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff as an independent contractor and by not paying him full overtime compensation for overtime hours worked.

13. During his employment with Defendants, Plaintiff was paid by the hour.

14. If Plaintiff worked overtime hours, he was only paid his regular hourly rate for such overtime hours worked, not the full overtime rate.

15. Defendants controlled Plaintiff's job duties while employed by Defendants.

16. Plaintiff would be assigned by Defendants to various construction sites to do construction work for Defendants.

17. Defendants selected the jobs to accomplish, materials to use, what time to come in and leave and how many builders/installers were involved for each job.

18. Defendants dictated the pay that Plaintiff would receive.

19. Defendants provided all equipment and materials used by Plaintiff.

20. Plaintiff's work performed for Defendants was permanent work and not temporary work.

21. Plaintiff's work was full-time employment which caused him to work overtime hours on a regular basis.

22. Plaintiff and the other builders/installers were an integral part of Defendants' business because without these workers, Defendant's customers would not be served and Defendants would not be paid.

23. Defendants have misclassified Plaintiff as an independent contractor under the FLSA and failed to pay him proper overtime compensation for all overtime hours worked.

24. Defendants knew that Plaintiff should have been classified as an

employee under the FLSA and willfully failed to pay Plaintiff overtime compensation.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff was entitled to be paid complete overtime compensation for his overtime hours worked.

28. During his employment with Defendants, Plaintiff was misclassified as an independent contractor and was not compensated at a time and one half rate for hours worked in excess of forty (40) per week. *See* ¶¶ 12-25.

29. Defendants did not have a good faith basis for their decision to classify Plaintiff as an independent contractor.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

32.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, HARDY TAYLOR, demands judgment against Defendants for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 13th day of May, 2021.

                                        **/s/ C. Ryan Morgan**
                                        C. Ryan Morgan, Esq.
                                        Georgia Bar No. 711884
                                        Morgan & Morgan, P.A.
                                        20 N. Orange Ave., 15th Floor
                                        P.O. Box 4979
                                        Orlando, FL 32802-4979
                                        Telephone: (407) 420-1414
                                        Facsimile: (407) 245-3401
                                        Email: RMorgan@forthepeople.com
                                        ***Attorneys for Plaintiff***