IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**HARDY TAYLOR**,

    Plaintiff,

v.

**WALKER'S CONSTRUCTION, LLC and JASON WALKER, individually**,

    Defendants.

Civil Action No. 7:21-CV-58 (HL)

**ORDER**

Plaintiff Hardy Taylor filed this action on May 13, 2021 against his former employer, Defendants Walker's Construction, LLC and Jason Walker, for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Doc. 1). Defendants failed to respond to the lawsuit. Plaintiff moved for entry of default on August 16, 2021. (Doc. 6). The Clerk of Court entered default on August 17, 2021. Now before the Court is Plaintiff's Motion for Entry of Default Final Judgment. (Doc. 9). For the following reasons, the Court **GRANTS** Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff Hardy Taylor worked as a builder/installer for Defendants Walker's Construction, LLC and Jason Walker from January 2013 until some time in 2020. (Compl., ¶¶ 2, 22). Defendants classified Plaintiff as an independent contractor for the purposes of compensation. (Id. at ¶ 3). Defendants paid Plaintiff strictly by

the hour. (Id. at ¶¶ 3, 13). When Plaintiff worked in excess of 40 hours a week, Defendants paid Plaintiff his hourly rate for the additional hours and not time and a half. (Id. at ¶¶ 12, 14, 27).

Plaintiff alleges that Defendants failed to comply with the FLSA by misclassifying him as an independent contractor without a good faith basis for doing so. (Id. at ¶¶ 12, 23-24, 29). According to Plaintiff, Defendants controlled all aspects of his employment. (Id. at ¶¶ 15-19). Defendants selected jobs to accomplish and assigned Plaintiff to particular construction sites to perform work for Defendants. (Id. at ¶¶ 16-17). Defendants also set Plaintiff's work hours, provided all materials and equipment necessary to complete a job, and dictated the payment Plaintiff received. (Id. at ¶¶ 17-19).

Plaintiff filed his Complaint against Defendants on May 13, 2021, seeking unpaid overtime wages. Plaintiff served Defendants with a copy of the Summons and Complaint on June 9, 2021. (Docs. 4, 5). To date, neither Defendant has responded to the lawsuit.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, when a defendant fails to answer or otherwise respond to a lawsuit, the Clerk of Court is authorized to enter to enter a default. Fed. R. Civ. P. 55(a). After the Clerk's entry of default, if the amount sought by the plaintiff is not for a sum certain, the plaintiff then may apply for a default

judgment. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

Entry of a default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Conceptually, a motion for default judgment is akin to a reverse motion to dismiss for failure to state a claim. See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015). A court therefore must evaluate whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads sufficient factual content that allows the court to draw

---

[1] Fifth Circuit decisions issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Once the court confirms the legal sufficiency of the plaintiff's complaint, the court may conduct a hearing on the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). Whether or not to conduct a hearing is left to the discretion of the court. See Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 911-12 (11th Cir. 2011) (citing Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). Here, the Court conducted a hearing on March 10, 2022, and heard evidence supporting Plaintiff's damages calculation.

## II.    DISCUSSION

Section 207 of the FLSA requires employers to pay their employees one and a half times their regular hourly rate for hours the employees work overtime, exceeding the standard forty-hour workweek. 29 U.S.C. § 207. If employers violate this provision, employees may sue to recover their unpaid overtime wages. 29 U.S.C. § 216(b). To state a claim for failure to pay overtime wages under the FLSA, an employee must show (1) an employee-employer relationship between the parties; and (2) he is "covered" by the FLSA. See Josendis v. Wall to Wall Residential Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011).

After careful review of Plaintiff's Complaint, the Court finds that Plaintiff has sufficiently alleged the elements of an FLSA overtime claim and is entitled to an award of damages.

4

## A.  Employee v. Independent Contractor

Plaintiff alleges that even though his former employer categorized him as an independent contractor, in reality he was an employee. The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. § 203(d). The term "employ" includes to suffer or permit to work." Id. at § 203(g). While these definitions have been interpreted to be broad enough to include "working relationships, which prior to th[e] Act were not deemed to fall within an employer-employee category," they do not bring "independent contractors" within the FLSA's construct. Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013) (quoting Rutherford Food Corp. v. McComb, 331 U.S. 722, 728-29 (1947)). Nevertheless, "putting on an 'independent contractor' label does not take the worker from the protection of the Act." Rutherford Food, 331 U.S. at 729.

"To determine whether an individual falls into the category of covered 'employee' or exempted 'independent contractor,' courts look to the 'economic reality' of the relationship between the alleged employee and the alleged employer and whether that relationship demonstrates dependence." Scantland, 721 F.3d at 1311. Courts have looked to numerous factors to guide the "economic reality inquiry," including:

5

    (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
    (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
    (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
    (4) whether the service rendered requires a special skill;
    (5) the degree of permanency and duration of the working relationship;
    (6) the extent to which the service rendered is an integral part o the alleged employer's business.

Id. at 1312. "While these factors serve as guides, the overarching focus of the inquiry is economic dependence." Id. When evaluating economic dependence, "the court focuses on whether an individual is in business for himself or is dependent upon finding employment in the business of others." Id. (internal quotation and citation omitted).

    Plaintiff's Complaint adequately sets forth allegations establishing that as a matter of economic reality Plaintiff was an employee and not an independent contractor for FLSA purposes. Plaintiff states that he worked for Defendants for a seven-year period, from 2013 through 2020. (Compl., ¶ 2). He claims that Defendants controlled his rate of pay, the hours he worked, and the jobs he completed. (Id. at ¶¶ 15-18). Defendants also were responsible for obtaining the job contracts and provided both the materials and the equipment for completing each job. (Id. at ¶¶ 17, 19). These allegations sufficiently demonstrate an employer-employee relationship between Plaintiff and Defendants.

### B. "Covered" by the FLSA

Plaintiff has pled sufficient facts to establish that Defendants were a covered enterprise within the meaning of the FLSA. There are two types of coverage which can trigger the FLSA's applicability: "individual coverage" or "employer coverage." Taylor alleges that Defendants fall under the enterprise coverage section of the FLSA. Enterprise coverage exists where the employer (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A).

Plaintiffs pleads in his Complaint that Defendants employed two or more employees, who "handled goods, materials and supplies which had traveled in interstate commerce." (Compl., ¶ 9). These materials and goods included "construction materials and supplies, ladders, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce." (Id. at ¶ 10). Plaintiff further alleges that Defendant Walker's Construction, LLC grossed more than $500,000 annually. (Id. at ¶ 8). These allegations adequately meet the pleading requirements for establishing enterprise liability under the FLSA.

7

### C.     Damages

The allegations in Plaintiff's Complaint sufficiently allege the elements of an FLSA claim. As discussed above, Plaintiff satisfactorily pled that he was employed by Defendants and that Defendants qualify as an enterprise engaged in commerce under the FLSA. Plaintiff's Complaint also alleges that he worked more than forty hours per week and that Defendants paid him his regular hourly rate for those overtime hours and not time and a half as mandated by the FLSA. (Compl., ¶¶ 12, 14, 24, 27-28). The entry of a default judgment on Plaintiff's FLSA overtime claim is therefore appropriate in this case.

Having determined that default judgment is proper, the Court next must determine the appropriate damages. Plaintiff seeks $15,262.50 in unpaid overtime wages plus an equal amount in liquidated damages. Plaintiff further seeks an award of $672.00 in attorneys' costs.

It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting Anderson v. Mt. Clemons Pottery Co., 328 U.S. 680, 687 (1946)). Defendants in this case failed to respond to Plaintiff's Complaint and

to present time records for Plaintiff. The Court finds Plaintiff's affidavit and the evidence presented by Plaintiff's counsel at the March 20, 2022 hearing sufficient evidence to establish the work performed by Plaintiff and the amount he consequently is owed.

Plaintiff was paid an hourly rate of $18.50 per hour. (Taylor Decl., ¶ 5). Plaintiff established through his affidavit and available pay records that he worked somewhere between forty-five and sixty-five hours per week. (Id. at ¶ 7; Ex. A). Plaintiff calculated his damages based on an average of fifty-five overtime hours worked per week for a total of one hundred ten weeks, from May 13, 2018 through August 2020. (Id. at ¶ 8).

Plaintiff is entitled to overtime compensation of at least one and a half times his regular rate of pay for every hour worked in excess of forty hours per week. 28 U.S.C. § 207. Plaintiff thus is due overtime compensation at a minimum rate of $9.25 (the difference between the amount Defendants paid Plaintiff and the amount he was owed in overtime wages) for 1,650 hours of overtime hours worked, or $15,262.50. Plaintiff is entitled to an equal amount in liquidated damages for a total of $30,525.00. 29 U.S.C. § 216(b).

The FLSA provides that a plaintiff may also recover reasonable attorneys' costs. 29 U.S.C. § 216(b). The Court finds Plaintiff's counsel's request for $672.00 in costs reasonable and awards the same.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (Doc. 9). Pursuant to Rule 55(b)(2) the Court **DIRECTS** the Clerk to enter default judgment in favor of Plaintiff against Defendants Walker's Construction, LLC and Jason Walker for $30,525.00 in damages and $672.00 in attorneys' costs.

**SO ORDERED** this 15th day of March, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks